Plahto's Adm'r v. Patchin.

———◄●●►———

PLAHTO'S ADMINISTRATOR, Plaintiff in Error, v. PATCHIN, Defendant in Error.

1. What constitutes due diligence on the part of the holder of a promissory note in making inquiries to ascertain the place of business or the residence of the maker thereof depends upon the circumstances of each case.

*Error to St. Louis Court of Common Pleas.*

This was an action against defendant as endorser of a negotiable promissory note made by Edward Illsley & Co. to the

order of defendant, Paul P. Patchin, and by him endorsed to Henry Plahto. The note was dated at St. Louis. The defence relied on was want of due presentment for payment to the makers. The court made the following finding of the facts : "The makers of the note in question resided and did business, at the making and maturity thereof, at Clover Hill, in Franklin county, Missouri. They purchased goods of Plahto in the city of St. Louis, on time, and as a city endorser was requested they procured the accommodation of the defendant, and gave to Plahto said note so endorsed in payment for said goods. Plahto and the defendant both knew the place of business and residence of the makers of the note. On the day of the maturity of said note, and after banking hours, the banking-house of Page & Bacon put said note into the hands of a notary, who made inquiries of other bankers and business men in St. Louis, and examined the city directory to ascertain if said makers resided or did business in said city ; and, being unable to learn of them that said makers resided or did business in St. Louis, then noted the said note for protest ; made out written notices in the usual form for the defendant and Plahto ; called on said Plahto and the defendant respectively and inquired of them if the makers resided or did business in St. Louis ; and on being answered in the negative gave to said Plahto and the defendant the usual notices for endorsers after protest for nonpayment. No inquiry was made either of Plahto or the defendant where the place of residence or business of the makers really was. The notary then made out in form his protest for nonpayment. The makers were solvent at the maturity of said note and would have then paid the same if it had been presented to them for payment. Whereupon the court declares that the plaintiff is not entitled to recover."

A motion for a review was made and overruled.

*Krum & Harding*, for plaintiff in error.

I. Page & Bacon were the holders of the note at its maturity, it being delivered by them to the notary for presentment,

Plahto's Adm'r v. Patchin.

endorsed in blank by the defendant. (Story on Bills, § 267; 2 Shep. 101.) The holders will be presumed to have been holders for value, and their acts in making presentment of the note bound the defendant unless they were guilty of laches. (Renshaw v. Triplett, 25 Mo. 213.) The holders had no other evidence, so far as appears of record, of the residence of the makers than the place at which it bears date. The presumption is in such cases that the makers reside at the place where the note bears date. (2 Cranch, 127; 4 S. & R. 480; 3 Kent, 96.) The holders, through their agent, the notary, used all the diligence required of them to ascertain the place of business or residence of the makers. (Hunt v. Maybee, 8 Seld. 266.) The holders were excused for not making presentment; (2 ib.; Sto. Prom. Notes, § 263; 21 Wend. 643;) especially as the notary called on the defendant and inquired if the makers resided in the city and was informed that they did not, and as defendant knew and did not inform the notary where they resided.

*Gray*, for defendant in error.

I. The endorsement on the note of " Cr. H. Plahto" showed that the note was merely deposited with Page & Bacon for collection, and that it in fact belonged to H. Plahto. Due diligence was not shown in making presentment for payment. (14 Johns. 114; 2 W. & S. 140; 2 Mart. N. S. 511; 19 Johns. 391; 5 Binn. 541; 3 Whart. 116; 1 Barb. 158; 1 Comst. 321; 3 Denio, 145; Sto. on Bills, § 351 n.; Sto. on Prom. Notes, § 251, 235, 265.)

RICHARDSON, Judge, delivered the opinion of the court.

The engagement of the endorser to pay a negotiable promissory note is not absolute like that of the maker, but is conditional; and if the holder intends to charge the endorser it is his duty to make a demand of payment on the maker at the maturity of the note unless there exists some legal excuse for omitting it. The note was dated at St. Louis, and the presumption ordinarily would be indulged that the makers

resided there, but this presumption was repelled in this case by the testimony that the plaintiff, when he received the note on the day of its date, knew that the makers resided in Franklin county, and the notary, on the day he protested it, was informed, both by the plaintiff and defendant, that the makers did not reside in St. Louis. The plaintiff in the first instance received the note the day it was executed, and as between him and the defendant, who was the immediate endorser, the latter had a right to require that the note should be presented for payment to the makers. If the plaintiff transferred the note to Page & Bacon too late to have a due presentment made, he could not complain of their omission to present it; but the defendant, having transferred it long enough to have a proper presentment made, had a right to stand on the terms of his original undertaking against every person who subsequently received it.

The law does not require any thing unreasonable of the holder to ascertain the residence or place of business of the maker, but due diligence is required; and if the maker has absconded or is concealed or can not be found after due inquiries, or if he has removed to another state or country since the note was given, the holder will be relieved from the necessity of any other efforts to make a presentment. (Story Prom. Notes, § 264.) What will be considered proper diligence on the part of the holder in making inquiries to ascertain the residence or place of business of the maker is not susceptible of a definite rule and must depend on the circumstances of each particular case. The finding of the court shows that the plaintiff knew all the time where the makers resided, and that the notary was told that they did not reside in St. Louis. If it was not the duty of the plaintiff, when he transferred the note to Page & Bacon, to inform them where the note should be presented for payment, it was at least his duty to have informed the notary when asked if the makers resided in St. Louis.

The deposition was properly admitted, for it was certainly

competent to prove where the makers resided or had their place of business.

The finding of the court on the question of diligence was sustained by the evidence and the judgment will be affirmed. The other judges concur.